**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Duro Dyne National Corp., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-27963 (MBK)<br><br>(Jointly Administered) |

**REORGANIZED DEBTOR'S FINAL STATEMENT REGARDING**
**CERTAIN PROFESSIONALS UTILIZED BY THE**
**DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The Reorganized Debtor in these chapter 11 cases (the "Reorganized Debtor"), by and through their undersigned counsel, hereby submits this final statement (the "Final Statement") pursuant to the prior orders of this Court (the "Original Ordinary Course Professionals Order", the "First Amended Ordinary Course Professionals Order", the "Second Amended Ordinary Course Professionals Order", and collectively, the "OCP Orders") [Docket Nos. 242, 491 & 1182] authorizing the employment, effective as of the Petition Date, of certain professionals utilized by the Debtors in the ordinary course of business (the "Ordinary Course Professional(s)") and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

1. On September 7, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

2. On September 11, 2018, the Debtors filed a motion for entry of an order pursuant to sections 105(a), 327, 328, 330 and 363(c)(1) of the Bankruptcy Code authorizing the retention, employment and compensation of certain professionals utilized by the Debtors in the ordinary course of business (the "OCP Motion") [Dkt. 43]. On November 1, 2018, the Court entered the Original Ordinary Course Professionals Order.

3. Pursuant to the Original Ordinary Course Professionals Order, the Ordinary Course Professionals' compensation was capped at $25,000 per month, or a total of fees of $75,000, over the course of the Chapter 11 Cases. Subsequently, pursuant to the First Amended Ordinary Course Professionals Order entered on February 28, 2019, the Ordinary Course Professionals' compensation was capped at $25,000 per month, or a total of fees of $150,000, over the course of the Chapter 11 Cases. Thereafter, pursuant to the Second Amended Ordinary Course Professionals Order entered on June 4, 2020, the Ordinary Course Professionals' compensation was capped at $35,000 per month, or a total of fees of $300,000, over the course of the Chapter 11 Cases (the "OCP Cap"). All other terms of the Original Ordinary Course Professionals Order and the First Amended Ordinary Course Professionals Order remained in effect.

4. Paragraph 10 of the Ordinary Course Professionals Order provides as follows:

> The Debtors shall file a final statement within the time established for professionals to file their final fee applications (the "Final Statement") and such statements shall include the following information: (a) the aggregate amount paid to the Ordinary Course Professional during the previous 90 days; and (b) a general description of the services rendered by the Ordinary Course Professional during such period. The Final Statement shall be served upon counsel for the Committee, counsel for the legal representative, and the Office of the United

    States Trustee, who shall have 20 days to file an objection with the Court, pursuant to 11 U.S.C. § 330.

5. . On October 23, 2020 (the "Confirmation Date"), the United States District Court for the District of New Jersey entered the *Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and Recommendation and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al. Pursuant to Chapter 11 of the Bankruptcy Code, as Modified* (the "Confirmation Order") [Docket No. 1322] approving on a final basis the Disclosure Statement and confirming the *Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code, as Modified* (the "Plan") [Docket No. 729].

6. On December 31, 2020, the Effective Date of the Plan occurred.  Pursuant to paragraph 20 of the Confirmation Order, Holders of Professional Claims must file with the Bankruptcy Court their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by the first Business Day after the date that is thirty (30) calendar days after the Effective Date (i.e., February 1, 2021) or by such other date as may be fixed by the Bankruptcy Court.

7. Pursuant to the *Order Closing Chapter 11 Cases Effective as of December 31, 2020 and Directing Entry of Final Decree* [Docket No. 1367] entered by the Bankruptcy Court on December 29, 2020, the Debtors' Chapter 11 Cases were deemed closed effective as of December 31, 2020. The Bankruptcy Court retained sole and exclusive jurisdiction to hear and determine all matters arising from or related to any applications for the payment of Professional Claims or requests for the payment of Administrative Claims filed on or after December 31, 2020.

A.    **Mazars USA, LLP**

8.    During the ninety day period prior to the Effective Date, Mazars USA, LLP ("Mazars") was paid the aggregate amount of $12,700.00. During that time period, Mazars generally provided financial audit and tax preparation services to the Debtors.

B.    **Scully, Scott, Murphy & Presser, PC**

9.    During the ninety day period prior to the Effective Date, Scully, Scott, Murphy & Presser, PC ("Scully") was paid the aggregate amount of $603.09. During that time period, Scully generally rendered advising and counseling services the Debtors regarding patent, trademark and other intellectual property matters.

C.    **Meltzer, Lippe, Goldstein & Breitstone, LLP**

10.    During the ninety day period prior to the Effective Date, Meltzer, Lippe, Goldstein & Breitstone, LLP ("Meltzer") was paid the aggregate amount of $25,825.97. During that time period, Meltzer generally rendered corporate legal services to the Debtors, including the review of existing corporate documents and general post-bankruptcy corporate matters.

D.    **Jackson Lewis, PC**

11.    During the ninety day period prior to the Effective Date, Jackson Lewis, PC ("Jackson Lewis") was paid the aggregate amount of $14,434.00. During that time period, Jackson Lewis generally rendered corporate labor and employment legal services to the Debtors, including services related to employee-specific matters and to labor and union-related matters.

E.    **Anderson Kill**

12.    Prior to the Petition Date, Anderson Kill was retained to represent the Debtors in insurance coverage matters, including litigation pending in state court in New York. Anderson Kill was paid for all amounts owed for legal services rendered prior to the Petition Date and held no retainer thereafter for services and expenses incurred during these Chapter 11 Cases. Anderson Kill

billed the Debtors and was paid the maximum $150,000 allowed for ordinary course counsel pursuant to the OCP Orders for the period from September 7, 2018 through December 12, 2018.

13. Anderson Kill was not paid any amount as an Ordinary Course Professional during the ninety days prior to the Effective Date; and did not render any services as an Ordinary Course Professional during such period. All services as an Ordinary Course Professional were rendered by Anderson Kill prior to December 13, 2018.

### F. Manley Burke, LPA

14. During the ninety day period prior to the Effective Date, Manley Burke, LPA ("Manley") was not paid any amounts and did not provide any professional services to the Debtors.

### NOTICE

15. Notice of this Final Statement has been given to (i) the United States Trustee for the District of New Jersey, (ii) counsel to the Asbestos Claimants Committee; and (iii) counsel to the Legal Representative. Such parties shall have twenty (20) days to file an objection with the Court, pursuant to 11 U.S.C. § 330. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

Dated: January 29, 2021

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Jeffrey D. Prol*
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Reorganized Debtor*